2014 OK 11

CITY OF JENKS, Oklahoma, an Oklahoma Municipality, Plaintiff/Appellee,

v.

Timothy E. STONE, II, an individual, Defendant/Appellant.

No. 111,223.

Supreme Court of Oklahoma.

Feb. 25, 2014.

Stephen L. Oakley, Jenks City Attorney, Jenks, Oklahoma, for plaintiff/appellee.

James R. Moore, Jarrod A. Leaman, Douglas D. Vernier, James R. Moore & Associates, Oklahoma City, Oklahoma, for defendant/appellant.

TAYLOR, J.

## I.  ISSUES

¶ 1 The question before this Court is whether title 11, section 50–123(B) gives a probationary police trainee who is a member of the Oklahoma Police Pension and Retirement Systems (OPPRS), *see* 11 O.S.2011, 50–101 to –136.8, a right to be terminated only for cause and a right to a post-termination hearing before a board of review.  We answer the question in the negative.

## II. PROCEEDINGS BELOW

¶ 2 The City of Jenks (Jenks) filed a petition for declaratory judgment, attaching a collective bargaining agreement (agreement) between it and the Jenks Fraternal Order of Police, Lodge 146. Jenks alleged that it was entitled to a declaration that title 11, section 50–123 does not require it to provide the defendant, Timothy E. Stone II (Stone), with a post-termination hearing or to give him cause for terminating his employment. Stone filed a motion to dismiss for failure to state a claim. Jenks then filed a motion for summary judgment, asserting as facts that (a) Stone was on probation when he was discharged from his employment effective March 1, 2012, (b) Jenks and the Fraternal Order of Police, Lodge 146 had an agreement outlining the grievance and arbitration rights of full-time, permanent police officers, (c) Stone requested a review board hearing under title 11, section 50–123 of the 2011 Oklahoma Statutes, and (d) Stone is not entitled to a hearing. Stone did not refute the facts but maintained that he is entitled to a hearing before a board of review under section 50–123(B) and because he is a OPPRS member.[1]

¶ 3 The district court denied Stone's motion to dismiss and granted summary judgment in Jenks' favor. The district court found that Stone was an at-will employee with no property rights in continued employment with Jenks. The district court also found that Jenks was exempt from offering Stone a board of review hearing by virtue of the agreement. Stone appealed. The Court of Civil Appeals found that Jenks was exempt from section 50–123 because it had entered into a collective bargaining agreement. This Court granted the writ of certiorari.

1. In his petition for certiorari, Stone does not argue that he was entitled to a pre-termination hearing under the Due Process Clause of the 14th Amendment to the United States Constitution. Rather, he seeks a post-termination board of review hearing under title 11, section 50–123.

2. At Article I, the agreement provides: "The employer recognizes the Lodge as the sole and exclusive Bargaining Agent for all commissioned permanent paid members of the Police

## III. FACTS

¶ 4 The facts are undisputed. Stone was employed by Jenks from August 29, 2011, until March 1, 2012, when Jenks terminated his employment. At the time of his discharge, Stone was a probationary police trainee; he was not covered by the collective bargaining agreement between Jenks and the Fraternal Order of Police, Lodge No. 146; the agreement's grievance and arbitration process was unavailable to him;[2] and he was a member of the OPPRS.

¶ 5 After Stone was discharged, he requested a hearing before a municipal review board under title 11, section 50–123. Jenks denied the request, maintaining that section 50–123 did not require it to provide Stone with a hearing before a review board.

## IV. STANDARD OF REVIEW

¶ 6 Summary judgment settles only questions of law. *Pickens v. Tulsa Metropolitan Ministry,* 1997 OK 152, ¶ 7, 951 P.2d 1079, 1082. The standard of review of questions of law is *de novo. Id.* Summary judgment will be affirmed only if the appellate court determines that there is no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.* Summary judgment will be reversed if the appellate court determines that reasonable men might reach different conclusions from the undisputed material facts. *Runyon v. Reid,* 1973 OK 25, ¶ 15, 510 P.2d 943, 946.

## V. ANALYSIS

¶ 7 An employee who can establish that he has a property right in his employment is protected by the Due Process Clause of the Fourteenth Amendment to the United State Constitution. *Cleveland Bd. of Educ.*

Department, excluding the Chief of Police, an Administrative Assistant, probationary employees, civilian or non-sworn employees, clerical/administrative employees, part-time employees, and Reserve Police Officers."

The grievance and arbitration process set out in the agreement starts with a discussion between the police chief and the employee and ends with arbitration.

*v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Property interests are not created by the Due Process Clause but "are created and their dimensions defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* Stone contends that title 11, section 50–123(B) provides him with a claim of entitlement, that is a property interest, in his continued employment.

¶ 8 Effective 1937, the Oklahoma Legislature enacted the Police Pensions Act, 1936 Okla. Sess. Laws 159–166 (ch. 33, 1–24), authorizing a city or town employing two or more police officers to establish a pension and retirement system with contributions to be paid by the police officer and the city or town. *Id.* at 160(2). In 1977, the Oklahoma Legislature moved the management of the municipal systems to a state board. 1977 Okla. Sess. Laws 901–919 (ch. 256, 50–101 to–308).

¶ 9 In 1980, the Oklahoma Legislature created OPPRS. 1980 Okla. Sess. Laws 1093–1115 (ch. 356, 1–41) (codified at 11 O.S.Supp. 1980, 50–101 to –135). This enactment merged the local municipal police retirement systems into a unified state police retirement system. *Id.* Making only minor changes not relevant to our analysis, the Legislature retained title 11, section 50–123, which was originally enacted in the 1977 legislation. Section 50–123 remains unchanged since 1980.

¶ 10 Title 11, section 50–123 of the 1981 Supplement and the 2011 Oklahoma Statutes provides, in part:

A. The governing body of every participating municipality, except municipalities which have provided for a civil service board of review or merit board, or have negotiated a contract covering discharge with their members to hear such appeals, shall establish a board of review to hear appeals concerning the discharge of members. . . .

. . .

B. No member may be discharged except for cause. Any member who is discharged may appeal to the board of review herein provided. . . .

¶ 11 The last significant amendments to the relevant provisions of the OPPRS Act occurred in 1995. *See* 1995 Okla. Sess. Laws 632–635 (ch. 173, 1–8). Before the 1995 amendments, member was defined as "all eligible officers of a participating municipality." 11 O.S.1991, 50–101(7). The 1995 amendments added language to the definition of member and to the eligibility requirements to specifically include "[a]ny person hired by a participating municipality who is undergoing police training to become a permanent police officer of the municipality." 1995 Okla. Sess. Laws at 632(1) (codified at 11 O.S.Supp.1978, 50–101(7), 50–112(A)).[3] A person undergoing police training is a probationary trainee such as Stone.[4]

---

3. Title 11, section 50–112(A) of the 2011 Oklahoma Statutes provides:

All persons employed as full-time duly appointed or elected officers who are paid for working more than twenty-five (25) hours per week or any person hired by a participating municipality who is undergoing police training to become a permanent police officer of the municipality shall participate in the System upon initial employment with a police department of a participating municipality. . . .

4. In *Fraternal Order of Police, Lodge 108 v. City of Ardmore,* 2002 OK 19, 44 P.3d 569, the issue was whether two probationary police trainees who were terminated were permanent members of the municipality's police department for purposes of invoking the grievance and arbitration rights under the terms of the Fire and Police Arbitration Act (FPAA), 11 O.S.2001, 51–101 to –113. Because the FPAA did not define members, this Court turned to the OPPRS Act for guidance. In *City of Ardmore,* this Court recognized that with the 1995 amendments, section 50–123 recognized two distinct classes: permanent officers and probationary trainees. *Id.* ¶ 13. We determined that one who is "undergoing police training to become a permanent police officer of [a] municipality" is a probationary trainee. *Id.*

¶ 12 The plaintiff argues that section 50–123 is unambiguous, and the Court of Civil Appeals has split on its meaning.[5] Because we find section 50–123 is ambiguous on the issues presented, we must determine legislative intent. *Rogers v. Quiktrip Corp.*, 2010 OK 3, ¶ 11, 230 P.3d 853, 859.

¶ 13 Two principles serve to inform our construction of title 11, section 50–123. The first is that Oklahoma follows the at-will employment doctrine. *See Burk v. K–Mart Corp.*, 1989 OK 22, ¶ 6, 770 P.2d 24, 26. The at-will employment doctrine allows an employer to "discharge an employee for good cause, for no cause or even for cause morally wrong, without being guilty of legal wrong." *Id.; Gilmore v. Enogex, Inc.*, 1994 OK 76, ¶ 6, 878 P.2d 360, 363 ("Employers can discharge at-will employees without recourse, in good or bad faith, with or without cause.")[6]

¶ 14 Second is the definition and the meaning of probation in the employment context. A probationary term is a trial period when an employee must prove that he is capable of performing the job duties before becoming a permanent employee. Black's Law Dictionary 1082 (5th ed.1979). The Highway Safety Code, 47 O.S.2011, 2–105(C)(1), defines the probationary period for Cadet Highway Patrolmen and Probationary Communications Dispatchers as a period when "the employee may be terminated at any time and for any reason at the discretion of the Commissioner." A probationary employee is an at-will employee: probationary trainees are not permanent officers and "lack the full panoply of employment rights enjoyed by those who have completed their initial training period." *Fraternal Order of Police, Lodge 108 v. City of Ardmore*, 2002 OK 19, ¶ 16, 44 P.3d 569, 573.

¶ 15 Keeping these premises in mind, we must determine whether, when it enacted title 11, section 50–123, the Oklahoma Legislature intended to create an exception to the at-will employment doctrine and to a municipality's authority to place a police trainee on probation or whether it intended only to allow the trainees to participate in the retirement system.[7] In determining legislative intent, this Court utilizes rules of statutory construction. *Lumber 2, Inc. v. Illinois Tool Works, Inc.*, 2011 OK 74, ¶ 8, 261 P.3d 1143, 1146. A statute will be given a reasonable and sensible construction: one that will reconcile its provisions and avoid inconsistences and absurdities. *Zaloudek Grain Co. v. CompSource Oklahoma*, 2012 OK 75, ¶ 7, 298 P.3d 520, 523. The legislative intent may be expressed in an enactment's title. *Lumber 2*, 2011 OK 74 at ¶ 8, 261 P.3d at 1146. Where there is authority to speak, legislative silence may indicate its intent. *Zaloudek Grain Co.*, 2012 OK 75 at % 577, 298 P.3d at 523.

¶ 16 In applying the rules of statutory construction, we may look to the title of the 1995 act that added trainees to the definition of members. The 1995 enactment was titled "Oklahoma Police Pension and Retirement System–Participation by Trainees." The title stated that it was an act "modifying provisions with respect to persons participating in retirement system," among other things, none of which supports Stone's position that the Legislature intended to give probationary trainees rights in their employment.[8] The

---

5. The Court of Civil Appeals divisions have reached different results on the meaning of title 11, section 50–123. The Court of Civil Appeals ruled in the present case (Division III) and in *City of Coweta v. Doughten*, 2011 OK CIV APP 113, 264 P.3d 135 (Division IV), that section 50–123(B) does not create a right to be terminated for cause only or a right to a post-termination hearing for probationary employees. In *White v. City of Del City*, 2012 OK CIV APP 5, 270 P.3d 205 (Division II) and *O'Dell v. City of Tulsa, OK*, 104,639, slip op. (Okla.Civ.App. Aug. 24, 2007) (Division I), the Court of Civil Appeals ruled that a probationary trainee had a right to a post-termination hearing under section 50–123(B).

6. We have recognized a limited public policy exception to the at-will employment doctrine, known as a Burk tort. *Burk*, 1989 OK 22 at ¶ 21, 770 P.2d at 29.

7. Before the 1995 enactment, only a "duly appointed and sworn full-time officer" could participate in the system. *See* 11 O.S.1981, 50–101, 50–112.

8. The title to the 1995 act, provides in its entirety:

An Act relating to the Oklahoma Police Pension and Retirement System; amending 11 O.S.1991, Sections 50–101, as last amended

title shows the Legislature intended to allow probationary trainees to become members of the retirement and pension system, but there is no express or implied intent to give them rights in their employment. The negative implication then is that, when the Legislature allowed probationary trainees to participate in the retirement system, it did not intend to also create rights in their employment.

¶ 17 We next look at the inconsistencies and absurdities which Stone's construction would create. Title 11, section 50–123(A) requires each municipality participating in OPPRS to establish a board of review to hear appeals regarding the discharge of members. If a municipality has entered into a collective bargaining agreement covering the discharge of members, then it is exempt from establishing a board of review.[9] The Fire and Police Arbitration Act (FPAA), 11 O.S.2001, 51–101 to –113, gives the right to collective bargaining to permanent members of paid fire and police departments only but not to probationary members, *i.e.*, trainees. 11 O.S.2011, 51–102(1), 51–103(A). To read members in section 50–123(A) as extending beyond permanent officers to include probationary trainees would strip the provision of any meaning. Instead, because the FPAA reserves the collective bargaining rights to permanent officers only, the term "members" as used in section 50–123(A) must be read to exclude probationary trainees. To read it otherwise would create an absurd result. It is uncontested that Jenks has entered into a collective bargaining agreement which meets section 50–123(A)'s exemption requirements and, therefore, is exempt from establishing a board of review.

¶ 18 We next turn to section 50–123(B), particularly the language relied on by the plaintiff: "No member may be discharged except for cause. Any member who is discharged may appeal to the board of review herein provided." Because Jenks is exempt from establishing a board of review, section 50–123(A) does not require Jenks to provide a board of review. It would be absurd to construe section 50–123(B) as allowing an appeal to a non-existent, non-required board of review. The only way to reconcile subsections 50–123(A) and 50–123(B) is to restrict the term member to permanent officers. This construction is consistent with the rule, "[w]hen the provisions of a statute assign one meaning to a term, its definition will apply in every other instance in which the same term is found anywhere else in the compilation." *Fraternal Order of Police, Lodge 108 v. City of Ardmore,* 2002 OK 19, ¶ 14, 44 P.3d 569, 573; *see* 25 O.S. 2011, 2. Since the term "members" as used in section 50–123(A) excludes probationary trainees, so must the term "members" exclude probationary trainees when it is used in section 50–123(B).

¶ 19 To find as plaintiff advocates would also be inconsistent with the statutes governing other law enforcement trainees. Title 47, section 2–105(C)(1), requires a Cadet Highway Patrolman or Probationary Communications Dispatcher to serve a twelve month probationary period with a possible three month extension. "During such probationary period, the employee may be terminated at any time and for any reason at the discretion of the Commissioner." 47 O.S.2011, 2–

by Section 3, Chapter 84, O.S.L.1994, 50–104.2, 50–111.1, as last amended by Section 5, Chapter 2, O.S.L.1994, 50–112, as amended by Section 4, Chapter 390, O.S.L.1992, 50–115 and 50–127 (11 O.S.Supp.1994, Sections 50–101, 50–111.1 and 50–112), which relate to administration of the Oklahoma Police Pension and Retirement System; modifying definitions; adding definition; modifying provision related to office facilities; modifying terminology with respect to withdrawal of accumulated contributions; modifying provisions with respect to persons participating in retirement system; modifying provisions related to physical-medical examinations; providing for offset of benefits based upon preexisting conditions; modifying provisions related

to withdrawal from retirement system; providing an effective date; and declaring an emergency.
1995 Okla. Sess. Laws 632–635 (ch. 173).

9. A municipality is also exempt from establishing a board of review if it has "provided for a civil service board of review or merit board," 11 O.S.2011, 50–123(A). A municipality whose charter provides for a "civil service or merit system pertaining to the appointment and discharge of members and an independent board or commission having authority to hear actions involving the discharge of members" is exempt from section 50–123's provisions relating to the board of review and discharge. *Id.* at 50–123(B).

105(C)(1). Only after completion of the probationary period and becoming a permanent employee does the statute require the employee be given cause for termination or removal. *Id.* Agents of the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control must serve a one-year probationary period before being placed on permanent status. 63 O.S.2011, 2–103(B)(3). Deputy sheriffs and detention officers for counties with a population of five hundred thousand must serve a five-year probationary period, and, only after serving the probationary period, are they given the right to be discharged for cause. 19 O.S.2011, 547. It would be inconsistent with the legislative policy to give municipal probationary trainees the right to be discharged only for cause and to a post-termination while withholding the same rights from state and county law enforcement trainees.

¶ 20 Stone relies on *City of Durant v. Cicio,* 2002 OK 52, ¶ 23, 50 P.3d 218, 222, in which this Court determined that "section 50–123 protects a member's right to continue in his employment in the absence of showing of cause, and the board of review has the authority to pass on the merits of the discharge decisions." The City of Durant had not entered into a collective bargaining agreement, and it appears that the policeman in *Cicio* was a permanent officer. Therefore, *Cicio* is distinguishable.

## VI. CONCLUSION

¶ 21 All reasoning leads to the conclusion that the Legislature did not intend to give probationary police trainees the right to be fired only for cause and a post-termination hearing before a board of review. When the Legislature enacted the 1995 amendment redefining "member" in section 50–101(6), it must have overlooked the impact the new definition would have on section 50–123(B). This resulted in an ambiguity as to whether a probationary police trainee could be fired without cause and without a right to post-termination hearing. We resolve that ambiguity by finding that the term "member" as it is defined in section 50–123 does not include a probationary police trainee.

¶ 22 Section 50–123 does not give Stone, a probationary trainee at the time of his discharge, any rights in his employment and does not entitle him to a board of review hearing. The Court of Civil Appeals' opinion is vacated; the district court's judgment is affirmed.

**COURT OF CIVIL APPEALS' OPINION VACATED; DISTRICT COURT AFFIRMED.**

ALL JUSTICES CONCUR.