Question Submitted by: The Honorable Paul Ziriax, Secretary, Oklahoma State Election Board
2016 OK AG 16
Decided: 01/22/2016
Oklahoma Attorney General Opinions

Cite as: 2016 OK AG 16, __ __

 
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
What percentage of signatures of registered voters is required for petitions seeking recognition of a political party, pursuant to the requirements of 26 O.S.Supp.2015, § 1-108, where:
a. A notice of intent to form a recognized political party is filed before the effective date of House Bill 2181 (November 1, 2015); and 
b. Signed petitions supporting the recognition of said political party are filed after the effective date of House Bill 2181 (November 1, 2015)? 
I.
Introduction
¶1 During the 2015 regular session, the Legislature passed House Bill 2181, which amended 26 O.S.2011, § 1-108, as follows: 

A group of persons may form a recognized political party at any time except during the period between March 1 and November 15 of any even-numbered year if the following procedure is observed:
1. Notice of intent to form a recognized political party must be filed in writing with the Secretary of the State Election Board at any time except during the period between March 1 and November 15 of any even-numbered year; 
2. After such notice is filed, petitions seeking recognition of a political party, in a form to be prescribed by the Secretary of the State Election Board, shall be filed with such Secretary, bearing the signatures of registered voters equal to at least five percent (5%) three percent (3%) of the total votes cast in the last General Election either for Governor or for electors for President and Vice President. Each page of such petitions must contain the names of registered voters from a single county. Petitions may be circulated a maximum of one (1) year after notice is filed, provided that petitions shall be filed with the Secretary no later than March 1 of an even-numbered year. Such petitions shall not be circulated between March 1 and November 15 of any even-numbered year; and 
3. Within thirty (30) days after receipt of such petitions, the State Election Board shall determine the sufficiency of such petitions. If such Board determines there are a sufficient number of valid signatures of registered voters, the party becomes recognized under the laws of the State of Oklahoma with all rights and obligations accruing thereto. 

2015 Okla. Sess. Laws ch. 311, § 1, eff. date Nov. 1, 2015. Id. § 2. 
¶2 Section 1-108 requires a notice of intent to form a political party to be filed with the Oklahoma State Election Board, within specific statutory timeframes, before a petition for political party recognition may be filed. 26 O.S.Supp.2015, § 1-108(1). Petitioners may circulate petitions for political party recognition for no longer than one year after filing the notice of intent to form a recognized political party. Id. § 1-108(2). After a petition to form a recognized political party is filed, the Oklahoma State Election Board has thirty days to determine the sufficiency of the signatures on the petition. Id. § 1-108(3). At issue is whether the current 3 percent, or the previous 5 percent, signature requirement applies to petitions seeking political party recognition filed after the effective date of HB 2181, when the corresponding notice of intent to form a recognized political party was filed before the effective date of HB 2181.
II.
Pertinent Rules of Statutory Construction
¶3 The "fundamental rule" of statutory construction is to give effect to the intent of the Legislature, which is determined from the plain language of the statute. Rogers v. Quiktrip Corp., 2010 OK 3, ¶ 11, 230 P.3d 853, 859, as rev. (Feb. 4, 2010), as rev. (Mar. 8, 2010). "Where there is authority to speak, legislative silence may indicate its intent." City of Jenks v. Stone, 2014 OK 11, ¶ 15, 321 P.3d 179, 183. Also, statutory construction "insur[ing] . . . uniform operation" should be adopted if possible. Cty. Bd. of Equalization v. Muskogee Indus. Fin. Corp., 1960 OK 243, ¶ 0, 357 P.2d 224, 225 (syllabus ¶ 1). In this regard, statutes are construed to "reconcile its provisions and avoid inconsistencies." City of Jenks, 2014 OK 11, ¶ 15, 321 P.3d at 183. 
III. 
Title 26 O.S.Supp.2015, § 1-108 Applies to all Petitions Seeking Political Party Recognition Filed After November 1, 2015. 
A. Oklahoma Courts Presume the Law in effect at the Time the Petition is Filed Governs the Petition. 
¶4 The filing of the petition, rather than the filing of the notice of intent, triggers the obligation of the Oklahoma State Election Board to determine the sufficiency of the signatures on the petition for determining if the requisites for party recognition under Section 1-108 have been satisfied. 26 O.S.Supp.2015, § 1-108(3). In Libertarian Political Organization of Oklahoma v. Clingman, the Oklahoma Court of Civil Appeals considered a constitutional challenge to Section 1-108. Id., 2007 OK CIV APP 51, ¶¶ 3-6, 162 P.3d 948, 950-51. The court observed that the time limitations for forming a recognized political party contained in Section 1-108 were twice amended between the time the notice of intent to form a political party was filed and the time the petition for recognition as a political party was filed. Id. ¶ 2, n.1. In ruling on the constitutionality of the statute, the court presumed that the then-most current version of the statute set the time limitations for the petition, not the version of Section 1-108 in effect at the time the notice of intent to form a political party was filed. Id. ¶ 11, 951-52; see also id. ¶ 13, 952 (noting the differences between the then-current version and older versions of Section 1-108). The clear implication of that ruling is that the law in effect at the time the petition for political party recognition is filed, rather than the notice of intent to form a recognized political party, governs the petition. 
B. HB 2181 Applies to all Petitions Filed After November 1, 2015, Regardless of When Notice of Intent is Filed. 
¶5 The Legislature set an effective date of November 1, 2015, for HB 2181. 2015 Okla. Sess. Laws ch. 311, § 2. Nothing in Section 1-108 indicates that the Legislature intended the amendatory terms of HB 2181 to apply only to petitions for political party recognition when notice of the same is filed after November 1, 2015. Further, nothing in the plain language of Section 1-108 suggests the Legislature intended to create a distinction among petitions for political party recognition based on when the corresponding notice of intent is timely filed. 
¶6 Reading into Section 1-108 a distinction between petitions based on when notice of the same is filed would result in two petitions for political party recognition being subjected to two different signature requirements, even though both were filed after the effective date of HB 2181. If notice for one petition was filed before November 1, 2015, the petitioners would have to satisfy the 5 percent signature requirement stated in the previous version of Section 1-108. If notice for the other petition was filed after November 1, 2015, the petitioners would need only satisfy the 3 percent signature requirement stated in the current version of Section 1-108. Such inconsistent treatment of petitions should be avoided if possible. 

¶7 It is, therefore, the official Opinion of the Attorney General that:
All petitions for political party recognition filed after November 1, 2015, are subject to the 3 percent signature requirement stated in 

26 O.S.Supp.2015, § 1-108(2) regardless of when the corresponding notice of intent to form a recognized political party is filed. 

E. SCOTT PRUITT
Attorney General of Oklahoma
JASON T. SEAY
Assistant Attorney General

 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2007 OK CIV APP 51, 162 P.3d 948, 
LIBERTARIAN POLITICAL ORGANIZATION OF OKLAHOMA v. CLINGMAN
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1960 OK 243, 357 P.2d 224, 
COUNTY BD. OF EQUALIZATION v. MUSKOGEE INDUST. FINANCE CORP.
Discussed

 
2010 OK 3, 230 P.3d 853, 
ROGERS v. QUIKTRIP CORP.
Discussed

 
2014 OK 11, 321 P.3d 179, 
CITY OF JENKS v. STONE
Discussed at Length

Title 26. Elections

 
Cite
Name
Level

 
26 O.S. 1-108, 
Formation of New Political Parties
Discussed at Length