OSCN Found Document:MEDDERS v. YOUNG

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MEDDERS v. YOUNG
2016 OK CIV APP 36
Case Number: 114374
Decided: 04/26/2016
Mandate Issued: 05/25/2016
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2016 OK CIV APP 36, __ P.3d __

 

JOE MEDDERS and JOE MILLER, Plaintiffs/Appellants,
v.
CHRISTOPHER YOUNG, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE JAMES B. CROY, TRIAL JUDGE

AFFIRMED

Michael D. Denton, Jr., DENTON LAW FIRM, Mustang, Oklahoma, for Plaintiffs/Appellants
Beau Phillips, Oklahoma City, Oklahoma, for Defendant/Appellee

P. THOMAS THORNBRUGH, PRESIDING JUDGE:

¶1 Plaintiffs, Joe Medders and Joe Miller, appeal the summary judgment of the district court holding that the debt for roofing services that plaintiffs attempted to collect was unenforceable. On review, we affirm.

BACKGROUND

¶2 This matter begins in June 2013, when defendant Young and plaintiff Medders discussed the replacement of a roof on a house owned by Young. From this point, the parties' accounts diverge. Young states that he believed he had contracted with plaintiffs to replace the roof. Plaintiffs state that they acted to facilitate a repair by a third party, but did not contract to replace the roof themselves. The contract was apparently oral, and no contract documents were exchanged. The roofing work evidently was done by a third party, Carlos Gonzalez. Young claims the work was substandard, that the roof leaked, and that he was billed considerably more than the quoted price. Young refused to pay.

¶3 Plaintiffs sued to recover the debt, alleging that the roofing contract had actually been carried out by a firm named T. Cole Construction (Cole), and that Cole had assigned the resulting debt to the plaintiffs. Young moved for summary judgment, alleging that the debt was unenforceable pursuant to the Roofing Contractor Registration Act, 59 O.S.2011 & Supp. 2015 §§ 1151.1 through 1151.29 (the Act), because neither of the plaintiffs nor Gonzales was a registered roofing contractor. In response, plaintiffs argued that Cole was a registered contractor and Gonzales was working "under Cole's registration." Plaintiffs argued, alternatively, that Young, who is an insurance adjuster, had indulged in a "scam" by knowingly allowing an unlicensed contractor to do the work and then refusing to pay. After the parties exchanged briefs and other authorities, the court granted summary judgment to Young. Plaintiffs now appeal. The matter is decided without briefing pursuant to the accelerated procedure of Supreme Court Rule 1.36.

STANDARD OF REVIEW

¶4 "Summary judgment will be affirmed only if the appellate court determines that there is no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." City of Jenks v. Stone, 2014 OK 11, ¶ 6, 321 P.3d 179. "Summary judgment will be reversed if the appellate court determines that reasonable men might reach different conclusions from the undisputed material facts." Id.

ANALYSIS

¶5 The district court stated no rationale for its judgment. The record reveals allegations of numerous violations of the Act. Those violations are punishable as misdemeanors pursuant to § 1151.3 of the Act, but we find no indication that these violations (except one) render a roofing debt uncollectable. The allegation that could render the debt uncollectable was that neither of the plaintiffs nor Gonzales had a valid registration as provided in the Act.

¶6 The version of the Act in force at the time of the roofing work[1] states, in pertinent part, as follows:

A. A person may not engage in the business nor act in the capacity of a roofing contractor within this state nor may that person bring or maintain any claim, action, suit, or proceeding in any court of this state related to the person's business or capacity as a roofing contractor without a valid registration as provided in the Roofing Contractor Registration Act.

59 O.S.2011 § 1151.3 (emphasis added).

¶7 The Act does, therefore, render a roofing debt uncollectable in court under certain circumstances. Further, if the debt is not originally enforceable, it cannot be made enforceable by assignment. An assignor cannot transfer any rights beyond those that he/she possesses. The 2011 version of § 1151.7 also provides, in relevant part:

1. A roofing contractor's registration certificate number shall be valid and in good standing at the time of soliciting a project[2] and during subsequent job performance;
.. 
3. A roofing contractor's registration certificate cannot be shared or used by any other individual or business entity; provided, however, a business firm, partnership, association, corporation, limited liability company, or other group or combination thereof acting as a unit may be granted a single roofing registration certificate number for use by designated roofing contractors acting as agents for the business entity when the application for registration contained sufficient information on each member, partner, officer and agent and the registrar issued a single certificate number to such persons as a business unit; . . . .

(Emphasis added).

¶8 These provisions call into question the validity of the process by which this roofing debt arose. The record establishes that neither of the plaintiffs nor Gonzalez was a registered roofing contractor between June 26 and 29, 2013, when the work was performed. Cole does appear to have been a registered contractor at that time.[3] The parties appear to agree that the person who actually preformed the roofing work was Gonzalez. Plaintiffs state, however, that Gonzalez was "working under the [Construction Industries Board] number and supervision of T. Cole Construction," and hence the roofing was performed by a registered contractor.

¶9 The statement that Gonzalez was "working under the CIB number" of Cole is curious. Section 1151.7 of the Act is clear that a roofing contractor's registration certificate cannot be shared or used by any other individual or business entity. It does not appear that § 1151.7 contemplates unregistered independent contractors "operating under the CIB number" of a registered roofer except under the strictly limited circumstances noted in § 1151.7(3). The record contains no evidence that Gonzalez was listed on any application by Cole as a "designated roofing contractor acting as agent" or as a "member, partner, officer and agent" of Cole. The Act would be ineffective to protect the public from unlicensed roofing contractors if an unlicensed roofer could simply arrange to "use" the registration of a licensed roofer. The involved registration and certification is clearly individual to the contractor involved, and does not appear to contemplate an entire job being performed by unregistered independent roofers using another company's CIB number.

¶10 We find no record that Gonzalez is an employee or partner of Cole. Gonzalez was not a registered roofing contractor at the time the work was performed. If he was either of these things, plaintiffs could simply have provided evidence to that effect, and ended the summary judgment inquiry. The record is, however, strikingly devoid of any statement by Cole that it actually performed this work. We further find no statement by Gonzalez indicating that he was an employee of Cole or that he was legally authorized to use Cole's registration; nor do we find any official document indicating that Carlos Gonzalez was entitled to use Cole's registration. The registration status of Gonzalez in this matter was evidenced only by the legal conclusions of plaintiffs' summary judgment affidavit. Once Young established that neither plaintiffs nor Gonzales were themselves registered roofing contractors, it became incumbent upon plaintiffs to provide some evidence that the work was performed by a licensed contractor pursuant to the Act. Runyon v. Reid, 1973 OK 25, ¶ 13, 510 P.2d 943. They failed to do so.

¶11 Young stated by affidavit that at no time did he have any contact with Cole or any person claiming to represent Cole, and at no time did any vehicle bearing the name "T. Cole Construction," or any vehicle bearing the required contractor registration number, appear on site. We find no contrary record indicating that any employee of Cole actually performed any work on the roof. The purpose of the Act clearly is to prevent unregistered (and hence unauthorized) contractors from performing roofing work in Oklahoma. The Act in force at the time of the work is clear that an unauthorized roofing business cannot simply "work under the CIB number" of a registered roofer without meeting the restrictive requirements prescribed by 59 O.S.2011 § 1151.7. We find no evidence that the work in this case was performed by a registered roofing contractor.

CONCLUSION

¶12 The record raises no question of fact as to whether the work in question was performed by a person/entity acting in the capacity of a registered roofing contractor within this state. Consequently, any contractual debt arising from this work is unenforceable pursuant to 59 O.S.2011 § 1151.3. The debt cannot become enforceable by subsequent assignment. Summary judgment was correctly granted on this issue. We make no comment as to whether any other remedy may be available to plaintiffs.

¶13 AFFIRMED.

RAPP, J., and BARNES, J., concur.

FOOTNOTES

[1] The Act underwent numerous small revisions and some renumbering in 2014. All references to the Act in this opinion are to the version in force in 2013.

[2] Because we find the work in this case was not done by a registered contractor, we need not address whether plaintiffs also "solicited" roofing work, and whether they were required to be registered before doing so.

[3] The record contains a registration "renewal application" for T. Cole Construction, filed in June 2013 and effective July 1, 2013, indicating that Cole had a current registration to be renewed at that time.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1973 OK 25, 510 P.2d 943, RUNYON v. REID
Discussed
 2014 OK 11, 321 P.3d 179, CITY OF JENKS v. STONE
Discussed
Title 59. Professions and Occupations
 Cite
Name
Level

 59 O.S. 1151.1, Short Title
Cited
 59 O.S. 1151.3, Registration Requirement - Penalties
Discussed
 59 O.S. 1151.7, Limitations
Cited